1    Nicholas M. Wajda (Cal. Bar No. 259178 )
2    **WAJDA LAW GROUP, APC**
     3111 Camino Del Rio North, Suite 400
3    San Diego, CA 92108
     Telephone: (310) 997-0471
4    Facsimile: (866) 286-8433
     nick@wajdalawgroup.com
5
6    *Attorney for the Plaintiff*

7              **UNITED STATES DISTRICT COURT**
               **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  BYRON M. AGUIRRE, individually, and on behalf of all others similarly situated | Case No.  **'20 CV 0812 CAB JLB** |
| 10              Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| 11        v. | **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.** |
| 12  13  MIDLAND CREDIT MANAGEMENT, INC., | |
| 14              Defendant. | **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq*.** |
| 15 | |
| 16 | **JURY TRIAL DEMANDED** |

17        **NOW COMES**, BYRON M. AGUIRRE, individually, and on behalf of all others similarly

18   situated, through counsel, WAJDA LAW GROUP, APC, complaining of MIDLAND CREDIT

19   MANAGEMENT, INC., as follows:
20

21                       **NATURE OF THE ACTION**

22        1.     This action seeks redress for MIDLAND CREDIT MANAGEMENT, INC.'s,

23   violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the

24   Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

25                       **JURISDICTION AND VENUE**

26        2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

27        3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.
28

                                    1

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      BYRON M. AGUIRRE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Mission Viejo, California.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8.      MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

9.      Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

10.     Defendant specializes in debt collection and collects debts on behalf of others nationwide.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

12.     Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

**FACUTAL ALLEGATIONS**

13.     Years ago, Plaintiff applied for and obtained a Best Buy credit card issued by Citibank, N.A.

14.     Plaintiff made various charges for personal purposes on the Best Buy credit card, amassing a balance.

15.     Due to financial hardship, Plaintiff fell behind on his monthly payments on the Best Buy credit card.

1      16.     Eventually, Plaintiff's account fell into default status with an outstanding balance of

2   $3,975.00 ("subject debt").

3      17.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

4      18.     Shortly thereafter, Midland Funding, LLC purchased the subject debt from Citibank,

5   N.A. and placed the subject debt with Defendant for collection.

6

7      19.     On December 02, 2019, Defendant sent Plaintiff a written correspondence

8   acknowledging receipt of a payment made by Plaintiff on December 2, 2019 in the amount of

9   $25.00 ("Midland's Letter").

10     20.     Midland's Letter depicted, in pertinent part:

11

12

13

14

15

16

17

18                                     INTENTIONALLY LEFT BLANK

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    21.    Midland's Letter expressly stated "**THIS COMMUNICATION IS FROM A**

16    **DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY**

17    **INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

18    22.    Midland's Letter stated that the "Current Balance" of the subject debt is $3,975.00.

19    23.    Midland's Letter further stated that the "New Balance" is **also** $3,975.00*.

20

21    24.    Midland's Letter had an asterisk after the New Balance, which denoted that "[i]n

22    the event the payment fails to clear, the balance will be adjusted up by the payment amount."

23    25.    Midland's use of the terms "Current Balance" and "New Balance" to refer to the

24    same amount is very confusing in a letter referencing a recent payment because it renders it

25    impossible to determine (1) what the balance of the subject debt was prior to payment; (2) the actual

26    balance of the subject debt as of the date of the letter; (3) whether Midland applied the recent

27    payment; and (4) whether the New Balance and the Current Balance mean the same thing.

28

4

26.     Specifically, Midland's Letter stated that the "Current Balance" and the "New Balance" *are both* $3,975.00, thus causing confusion and ambiguity as to whether the $25.00 payment was applied to the balance of the subject debt.

27.     Moreover, Midland's Letter only had an asterisk denoting the potential that the balance may increase if the recent payment does not clear next to the New Balance and not the Current Balance, thus leading Plaintiff to believe that the New Balance and Current Balance have different meanings.

28.     For example, it was unclear as to whether the Current Balance would adjust upward like the New Balance if the $25.00 did not clear.

29.     Simply put, Midland's Letter would not only be highly confusing to the unsophisticated consumer, but would also be highly confusing to the most sophisticated consumer.

30.     Midland's usage of two terms to refer to the same balance amount is highly confusing in the context of a letter referencing a recent payment.

## CLASS ALLEGATIONS

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.     Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

33.     The Putative Class is defined as follows:

All natural persons residing in the State of California (a) that received a correspondence from Defendant that references a New Balance and Current Balance in the same monetary amount; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to Citibank, N.A.

34.     The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries,

parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity:**

35.    Upon information and belief, Defendant mailed thousands of similar letters to consumers in the State of California.

36.    The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

37.    Members of the Putative Class can be objectively identified from records of Defendant to be gained in targeted discovery.

**B.    Commonality and Predominance:**

38.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality:**

39.    Plaintiff's claims are representative of the claims of other members of the Putative Class.

40.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.    Superiority and Manageability:**

41.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

6

42.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation:**

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**CLAIMS FOR RELIEF**

**Count I – Violations of Sections 1692e and e(10) of the FDCPA**
**(On behalf of Plaintiff, individually, and the Members of Putative Class)**

48.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

50.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

51.     Although the word "confusing" does not appear in section 1692e, courts have "interpreted the FDCPA to prohibit confusing presentations." *See O'Boyle v. Real Time*

*Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018). Under this standard, a letter might be literally true, but still be misleading or confusing. *Id* at 344.

52.    Midland's Letter violated 15 U.S.C. §§1692e and e(10) because it is highly confusing and ambiguous with respect to the balance of the subject debt after Plaintiff's $25.00 payment.

53.    As set forth above, Midland's use of the terms "Current Balance" and "New Balance" to refer to the same amount is very confusing in a letter referencing a recent payment because it renders it impossible to determine (1) the actual balance of the subject debt as of the date of the letter; (2) whether Midland applied the recent payment; and (3) whether the New Balance and the Current Balance mean the same thing.

54.    Simply put, Midland' letter conveys the balance of the subject debt in a confusing and contradictory manner.

55.    In no uncertain terms, the language in Defendant's Letter would confuse the least sophisticated consumer and can result in mass consumer deception and confusion. *See Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir. 1996) (Court must judge the language of a dunning letter from the perspective of the "least sophisticated consumer.")

**WHEREFORE**, Plaintiff, BYRON AGUIRRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Enjoining Defendant from sending consumers similar letters containing the confusing language outlined herein;

    b.  Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;

    c.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d.  Awarding Class Members statutory damages;

e.   Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

f.   Awarding any other relief as the Honorable Court deems just and proper.

## Count II – Violations of §1788.17 of the RFDCPA
### (On behalf of Plaintiff, individually, and the Members of the Putative Class)

56.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57.   California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

58.   As stated above, Defendant violated 15 U.S.C. §§ 1692e and e(10), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, BYRON AGUIRRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b.   Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c.   Awarding Class Members statutory damages;

d.   Awarding the Plaintiff costs and reasonable attorney fees; and

e.   Awarding any other relief as the Honorable Court deems just and proper.

1

**DEMAND FOR JURY TRIAL**

2

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

3

DATED: April 30, 2020                                            Respectfully submitted,

4

BYRON AGUIRRE

5

By: */s/ Nicholas M. Wajda*

6

7                                                               Nicholas M. Wajda
                                                                **WAJDA LAW GROUP, APC**
8                                                               3111 Camino Del Rio North, Ste. 400
                                                                San Diego, CA 92108
9                                                               +1 310-997-0471
                                                                nick@wajdalawgroup.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1